Donal M. Walsh, Esq. Village Attorney, Tarrytown
You ask whether the use of the word "court" in the phrase "Tarrytown Youth Court Program" is in violation of Judiciary Law, § 3, which provides:
"§ 3. Use of term `court' prohibited
 No person, firm, association or corporation shall hereafter use or employ the term `court' as part of or in connection with the name of any body, board, bureau, association, organization or corporation, or in referring to any body, board, bureau, association, organization or corporation, in such manner as to be calculated reasonably to lead to the belief that the body, board, bureau, association, organization or corporation is vested with judicial power or is a part of the judicial system of the state; the use of such term being expressly limited by this section for reference to a court of record or a court not of record, duly organized and existing under the laws of the state as a part of the judicial system of the state."
The "Tarrytown Youth Court Program" (hereafter "program") was established in your village as an alternative to formal family court adjudication of certain offenses committed by minors, including such offenses as shoplifting, vandalism and trespass. Administered by the village police department, the program is intended to divert such cases away from family court, and to provide for the "adjudication" of cases which would not otherwise be brought before that court or any other tribunal. Under the program, a case is diverted to the program upon the consent of the accused minor, his or her parents, and the complainant, where it is "adjudicated" by the accused's peers, who serve as judge, jury, prosecution and defense. Procedure in "Youth Court" is patterned after formal judicial procedure. Thus, a defendant may plead guilty and be "sentenced", or may plead innocent and face a jury trial. If "convicted", a minor may be "sentenced" to perform restitution or community service work. Appeals are heard by a panel of peers. Participants in the program receive training from local members of the legal profession.
Throughout the course of the proceedings of the "Youth Court", the administrators of the program maintain a close liason with the family court, county attorney and probation department. Minors who appear as defendants in "Youth Court" may still be referred to a probation officer. The objectives of the program are to reduce juvenile crime, provide village youth with an understanding of the legal system, and provide services which will benefit the community. It is anticipated that the program also may reduce the case load of family court.
The use of the word "court" in "Tarrytown Youth Court Program" is prohibited by Judiciary Law, § 3, if such use "reasonably" leads to the belief that the program is vested with judicial power or is a part of the judicial system of the state (1940 Op Atty Gen [Inf] 409). The concept of "reasonableness" in law is generally associated with the standard of the reasonable or prudent person. Under that standard, the test for determining whether a given set of facts "reasonably" leads to a given conclusion is dependent upon whether a reasonable, prudent person would reach that conclusion. This determination is often a factual matter dependent upon all of the circumstances of a particular case.
The question whether the use of the word "court" in "Tarrytown Youth Court Program" reasonably leads to the belief that the program is vested with judicial power or is a part of the judicial system of the state is, in our view, a factual matter over which reasonable minds can differ. In 1940 Op Atty Gen (Inf) 409, we were asked whether, in view of Judiciary Law, § 3, it would be necessary to change the name of "The Magistrates' Courts Social Services Bureau, Inc.", a corporation organized for the purposes of providing welfare services and financial aid to needy persons appearing in the Magistrates' Courts of the City of New York as defendants, complainants and witnesses. In concluding that it would be advisable for the corporation to change its name, we stated:
 "Your inquiry represents a rather close question. To some people, perhaps to most people who are not familiar with courts and their functioning, the name would lead to the belief that the corporation was organized as a part of the Magistrates' Courts and had an official status."
The program handles cases which would otherwise go before the family court and disposes of such cases by procedures patterned after formal court procedures. It is closely monitored by the police department and may involve participation by the probation department. To some, perhaps to most, this would lead to the belief that the program has an official status.
Given the nature of the "Youth Court" Program as described above, we believe a substantial argument can be made that the use of the word "court" in the name of the program "reasonably" leads to the belief that the program is affiliated with the judicial system of the state and therefore is in violation of the Judiciary Law. Under these circumstances, we believe that the use of such word is inadvisable.
We conclude that the use of the word "court" in "Tarrytown Youth Court Program" may be in violation of Judiciary Law, § 3 and therefore is inadvisable.